SCHOTT, Chief Judge,
dissenting in part:
In this case the executor had advertised and served upon appellants a petition to homologate his “final account and tableau of distribution.” Included therein was his claim against appellants for over $6,000.
The function of a tableau of distribution is to notify creditors and others interested in the succession that the succession representative proposes to pay charges and debts and to obtain court approval to make such payments. C.C.P. art. 3303. The function of a final account is to show the court and all interested parties what funds have been collected and how they have been disbursed. Art. 3333. Homologation of the final account clears the way for the *1214 discharge of the succession representative. Art. 3391.
A claim against someone by the succession representative has no place in a tableau of distribution or final account. If someone owes money to the succession and refuses to pay, the representative’s remedy is to sue the person in an ordinary action and seek a money judgment. In the present case, because the succession representative failed to have service of process on appellants the trial court never acquired personal jurisdiction over appellants for'assertion of the claim.
I am inclined to disagree with my colleagues’ conclusion that Dr. Francis Hymel is not a residuary legatee in the will, but I would not address this issue on this appeal. I respectfully submit that correct procedure would be for the trial court to decide the issue first and for the appellate court to review that decision. In this case the issue was buried in the homologation of the account and was never thoroughly argued to and considered by the trial court.
Consequently, I would simply annul the judgment on appeal and remand the case for proper and complete proceedings in the trial court.